IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   William M. Whittington,

Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America (the government), by and through Richard E. Zuckerman, Principal Deputy Attorney General, Tax Division, U.S. Department of Justice and Lori A. Hendrickson, Kathleen M. Barry and Sarah A. Kiewlicz, Trial Attorneys, Tax Division, U.S. Department of Justice and the Defendant, William M. Whittington, personally and by counsel, Jay Nanavati, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

//

//

//

//

Plea Agreement                     Page 1 of 13                     Def. Initial 

DEFENDANT'S
EXHIBIT
2
18-CR-183
PENGAD 800-631-6989

## I. <u>AGREEMENT</u>

1. The defendant agrees to plead guilty to Count One of the Information, charging a violation of 26 U.S.C. § 7206(1), filing a false individual income tax return for the 2010 tax year.

2. The defendant understands that, if the Court accepts this Plea Agreement, the Court has agreed to be bound by the parties' agreement that a particular sentence, 18 months in prison, one year of supervised release, and a $100 special assessment, is appropriate in this case. The defendant agrees to pay restitution to the Internal Revenue Service of at least $1,864,994 and at most $2,164,994, for the calendar years 2010, 2011 and 2012. The defendant understands that, in making its decision whether to accept this binding Plea Agreement, the Court is required by Title 18, United States Code, Section 3553, to consider any and all relevant facts to determine the defendant's sentence. The defendant further understands that federal sentencing law requires the Court to consider the advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) when imposing the sentence in this case, and that such sentence must be reasonable based on all facts and evidence presented to the Court.

3. The defendant expressly waives his right to assert a statute of limitations defense to the 26 U.S.C. Sec. 7206(1) count for the 2010 tax year, the crime to which he intends to plead guilty. If the defendant breaches this Plea

Agreement, or the Court chooses not to accept the binding terms of this Plea Agreement, the defendant expressly waives his right to assert a statute of limitations defense as to any charge that could have been brought as of the date of his signature on this Plea Agreement. The defendant agrees to sign any additional documents necessary to waive the statute of limitations through the date of his sentencing hearing.

4. In exchange for the defendant's guilty plea, the United States agrees not to initiate or prosecute any additional criminal charges against the defendant based on conduct now known to the government, related to the criminal investigation that resulted in the defendant's guilty plea. The United States also agrees that it will neither prosecute nor pursue forfeiture of the assets of defendant, Nerissa Whittington, Keely Whittington and Patricia Whittington, based on conduct now known to the government, related to the criminal investigation that resulted in the defendant's guilty plea.

5. Should the defendant breach this Plea Agreement at any time, or if the guilty plea entered pursuant to this Plea Agreement is set aside for any reason, the United States will be free to initiate or prosecute any additional criminal charges against the defendant, and any other individuals, based on the information now known to the United States as a result of the current investigation of the defendant.

6.  Nothing in this agreement shields the defendant from prosecution for other crimes, currently unknown to the government, and the United States is free to prosecute the defendant for committing perjury or for giving a false material statement to a federal agent in the event that the defendant commits such an offense after the defendant signs this Plea Agreement. Should the defendant commit perjury or give a false material statement to a federal agent, the United States, in its sole discretion, will be free to prosecute the defendant for that offense, move to set aside this Plea Agreement, or be relieved of its obligations under this Plea Agreement. The defendant waives, to the full extent of the law, any right to appeal his conviction and sentence imposed under this agreement, including restitution. The defendant also waives his right to collaterally attack the conviction and sentence, including restitution, except on the grounds of ineffective assistance of counsel. The defendant also waives his right to receive discovery in this matter.

7.  The defendant agrees to pay restitution to the Internal Revenue Service in the amount of at least $1,864,994 and at most $2,164,994, for the calendar years 2010, 2011 and 2012, pursuant to 18 U.S.C. § 3663(a)(3). The parties will submit a joint statement to the Court and to the Probation Office with schedules supporting all unreported income and tax loss figures. The defendant agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct. The defendant agrees that restitution is due and payable

before sentencing and that once the judgment is entered, it is subject to immediate enforcement, in full, by the United States.

8. The defendant agrees that the IRS will use the amount of the restitution order as the basis for a civil assessment under 26 U.S.C. §6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. §6201(a)(4)(C).

9. The defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against the assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that this Plea Agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this Plea Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

10. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received and processed by the IRS. The defendant's payments made prior to his sentencing hearing will be applied as a

credit against the restitution ordered. The defendant agrees to the following

regarding his restitution payment(s):

    a. The payment(s) will be sent to:

IRS-RACS
Attn:  Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, MO 64108

    b. With each payment to the IRS, the defendant will provide the following
       information:

The defendant's name and Social Security number;
The District Court and the docket number assigned to the case;
Tax year(s) or period(s) for which restitution has been ordered;
A statement that the payment is being submitted pursuant to the District
Court's restitution order.

    c. The defendant agrees to send to the Clerk of Court of the District of

       Colorado and to the U.S. Attorney's Office Financial Litigation Unit notice

       of payments sent directly to the IRS at the following address: U.S.

       Attorney's Office, Office of Financial Litigation Unit, 1801 California

       Street, Suite 1600, Denver, CO 80202.

    d. A failure to send payments to the specific IRS address set forth in

       paragraph 10a, or a failure to include all of the information listed above

       in paragraph 10b, may result in the IRS applying the payment(s) to other

       tax liabilities owed by the defendant.



## II. ELEMENTS OF THE OFFENSE

11.    The parties agree that the essential elements of the offense to which this plea
       is being tendered are as follows:

   a)  the defendant made and subscribed a return which was false as to a
       material matter;

   b)  the return contained a written declaration that it was made under the
       penalties of perjury;

   c)  the defendant did not believe the return was true and correct as to every
       material matter; and

   d)  the defendant falsely subscribed to the return willfully, with the specific
       intent to violate the law.

## III. STATUTORY PENALTIES

12.    The maximum statutory penalty for a violation of 26 U.S.C. § 7206(1) is: not
       more than 36 months imprisonment; not more than $250,000 fine, or both; not
       more than 1 year of supervised release; and a $100 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

13.    The conviction may cause the loss of civil rights, including but not limited to the
       rights to possess firearms, vote, hold elected office, and sit on a jury. A violation
       of the conditions of supervised release may result in a separate prison
       sentence and/or additional supervision.



## V. <u>STIPULATION OF FACTS</u>

14. The parties agree that the date on which relevant conduct began is January 1, 2003. This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's Guidelines computations or to the Court's sentencing decision. The parties agree as follows:

   a. The defendant was a United States citizen. The parties stipulate that venue lies in the District of Colorado.

   b. In approximately 1990, the defendant opened two bank accounts in Liechtenstein, in the names of Taok Foundation and Nee Foundation. The initial deposits to these accounts, made at that time, totaled $1 million.

   c. In December 2011, the defendant applied to the IRS to participate in the Offshore Voluntary Disclosure Program (OVDP). The defendant was ultimately accepted into this program and repatriated approximately $10,776,081 back to the United States. The defendant agrees that approximately $9.7 million of the repatriated funds from his two Liechtenstein accounts was income that had been generated by the funds on deposit in these accounts during the period from 2003 to 2010, and that he was required to report this income to the IRS. The defendant



further admits that he was aware his accounts had generated this income that he intentionally failed to report on tax returns filed with the IRS in 2011. The defendant admits he owes individual income taxes of between $1,500,000 and $1,800,000 on this income. The parties agree that, notwithstanding the provision set forth in paragraph 9, the $9.7 million of income will be deemed to be earned in the tax year 2011, when the majority of the funds were transferred from Liechtenstein to bank accounts in the United States.

d. The defendant admits that in December 2011, he willfully made and subscribed a false 2010 U.S. Individual Income Tax Return, Form 1040, in his own name, which he signed under the penalties of perjury and filed with the IRS. Defendant admits that the tax return was false because it reported his Total Income (Line 22) was $72,000, when defendant knew his Total Income was at least $464,934.

e. The defendant admits that the Springs Resort paid many of his personal expenses and that he should have reported those amounts as income on his federal individual income tax returns. The Springs Resort is a business entity run by members of the defendant's family. The unreported income from these payments, and the additional tax owed for each tax year are as follows: For 2010, the unreported income is approximately $392,934, which results in a tax loss of approximately



$137,640. For 2011, the unreported income is approximately $391,069, which results in a tax loss of approximately $122,904. For 2012, the unreported income is approximately $304,768, which results in a tax loss of approximately $104,450. The parties agree that the total tax loss for 2010, 2011 and 2012, based on payment of the defendant's personal expenses, is approximately $364,994.

 f. The total tax loss from paragraphs 14c and 14e is between $1,864,994 and $2,164,994. The parties will submit a joint statement to the Court and to the Probation Office with schedules supporting all unreported income and tax loss figures. The parties agree that the tax loss between $1,864,994 and $2,164,994 will be used for both Guidelines Computations and for restitution to the IRS.

## VI. GUIDELINES COMPUTATIONS

15. The parties set out below their estimates of the sentencing guidelines applicable to this case:

 a. A tax loss between $1,864,994 and $2,164,994, which is more than $1,500,000 and less than $3,500,000, pursuant to U.S.S.G. § 2T4.1(I), results in a Base Offense Level of 22.

 b. There are no enhancements for victims or adjustments for role in the offense.

 c. The Adjusted Offense Level would therefore be 22.

Plea Agreement     Page **10** of **13**     Def. Initials 

d. The parties agree that the defendant is entitled to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The United States has agreed to move for a one-level reduction for timely notification of intent to plead guilty, and for acting in conformance with the terms of this Plea Agreement until the day of sentencing, under U.S.S.G. § 3E1.1(b). The resulting Total Offense Level would be 19.

e. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court. Known facts regarding the criminal history are as follows: the defendant was convicted of tax evasion and importing marijuana in the Southern District of Florida in 1986. *United States v. Whittington*, 918 F.2d 149 (11th Cir. 1990). Based on that information, and if no other information was discovered, the defendant's criminal history category would be I.

f. Assuming the tentative criminal history facts of 15e above, the career offender, criminal livelihood and armed career criminal adjustments would not apply.

g. The Guidelines range resulting from the estimated Total Offense Level of 15d above, and the tentative criminal history category of 15e above, is 30-37 months.

h. Pursuant to U.S.S.G. § 5E1.2, assuming the estimated Total Offense Level of 15d above, the fine range for this offense would be $10,000 to

$95,000. Since the defendant has agreed to pay full restitution to the IRS on or before sentencing, the parties are not recommending a fine.

i.  Pursuant to U.S.S.G. § 5D1.2(a)(3), the term of supervised release shall not be more than one year.

j.  The recommended sentence of 18 months, pursuant to Rule 11(c)(1)(C), is below the Guidelines range of 30-37 months. It is the government's position that, based on the unique facts of this case, this resolution is in the interests of justice.

## VII. ENTIRE AGREEMENT

16.  This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: _____

William M. Whittington
Defendant

Date: April 13, 2018

Jay Nanavati
Attorney for Defendant

Plea Agreement                     Page 12 of 13                    Def. Initials

Date: 4/13/2018

_____
Lori A. Hendrickson
Kathleen M. Barry
Sarah A. Kiewlicz
Trial Attorneys
Tax Division
U.S. Department of Justice

Def. Initials