IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Durango Division

Criminal Case No. 1:18-CR-00183

UNITED STATES OF AMERICA,

  Plaintiff,

v.

WILLIAM WHITTINGTON,

  Defendant.

## SENTENCING MEMORANDUM

  William Whittington, by counsel Jay Nanavati, respectfully submits this sentencing memorandum in support of the terms of the parties' plea agreement. Doc. No. 8. The parties' plea agreement both meets the goals of sentencing as set forth in 18 U.S.C. § 3553(a) and appropriately takes account of the parties' hazards of litigation.[1]

  **I.**  **The Sentencing Guidelines Are Undisputed.**

  Mr. Whittington and the Government agree that the U.S. Probation Office has calculated the applicable Guidelines sentence correctly at 41-51 months.[2]

  **II.**  **The Plea Agreement Appropriately Calls for a Sentence Below the Guidelines.**

---

[1] Mr. Whittington will file his objections to the Presentence Report in a separate document.
[2] Mr. Whittington's Criminal History Category would be I, and the Guidelines sentence would be 37-46 months, but for the fact that only 13 years, and not 15 years or more, separated Mr. Whittington's release from prison and the current offense conduct.

The parties' plea agreement calls for an agreed sentence of 18 months pursuant to Fed. R. Crim. P. 11(c)(1)(C). While this is substantially below the sentence that the Guidelines recommend, the agreed sentence properly weighs the § 3553(a) factors and the parties' risks of going to trial.

### III. The Sentencing Factors Under 18 U.S.C. § 3553(a) Militate in Favor of Imposition of the Agreed Sentence.

While the Court is bound to calculate and consider the sentence that the U.S. Sentencing Guidelines recommend, it must also consider the § 3553(a) factors, the most relevant factors being (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to protect the public from further crimes of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote deterrence, respect for the law and to provide just punishment; and (4) the need to provide restitution.

Mr. Whittington submits that the nature and circumstances of his offense as set forth in the parties' agreed statement of facts reflects that Mr. Whittington's offense was serious and certainly deserving of proper censure. On the other hand, Mr. Whittington is a 69-year-man who has paid dearly for this offense already. He and his family have faced the unremitting pressure of a federal criminal investigation for the last five years. In addition, because of Mr. Whittington's high-profile racing career in the 1970s and 1980s, the investigation of his family has played out in news coverage that has profoundly damaged their business and social ties. Mr. Whittington now faces the prospect of paying over $1.8 million in restitution and sentence of 18 months.

In stark contrast to the offense conduct at issue, Mr. Whittington is a source of constant support to his family and members of the community. *See* Exhibit A, Letter from Nerissa Whittington, and Exhibit B, Letter from David Yerton. Mr. Whittington has served those around him as a Christian counselor, mentor, source of food and shelter, surrogate father, sounding board, financial supporter, bedrock, and, of course, father and husband. These are the "characteristics of the defendant" that one must weigh alongside his offense conduct.

Regarding the need to protect the public, Mr. Whittington is certainly no danger to the public. Further, there can be no doubt that his repayment of the harm that he caused his fellow taxpayers, his ongoing and future tax compliance, and his confinement, will more than adequately protect the public from any potential harm. Further, there can be no doubt that, viewed from virtually any perspective, an elderly man being sentenced to 18 months reflects the seriousness of the offense, promotes general and specific deterrence, promotes respect for the law, and provides just punishment.

Finally, the parties' agreed sentence appropriately reflects the need to provide restitution by requiring payment of full restitution to the Internal Revenue Service at or before the time of sentencing in the amount of $1,804,865.

**IV.   The Hazards of Litigation for Both Parties Are Substantial.**

As the Government acknowledges, this would have been an exceedingly complex case to try before a jury. Further, the parties disputed a number of significant technical tax issues and would have continued to do so at trial. For example, while Mr. Whittington fully accepts the parties' agreed statement of facts, he disputes the following portion of the Government's view of the facts:

3

> The payment of personal expenses for defendant's benefit was concealed in the accounting records for the Springs Resort by three principal methods: 1) the use of fictitious intercompany loans; 2) the use of sham/nominee/alter ego entities; and 3) the use of vague and non-descriptive accounting entries. The tax fraud scheme was also supported with fictitious invoices, fictitious contracts and backdated loan documents. At the end of each year, defendant, assisted by his in-house CPA, would transfer income and/or expenses between businesses through journal entries. These entries in the accounting records had no business purpose or economic reality, but instead were designed to reduce or eliminate income for the Springs Resort and other businesses.

Government's Sentencing Memorandum, Doc. No. 19, at 5. In fact, Mr. Whittington prepared a thorough defense of these allegations based the Internal Revenue Code and accounting principles.

Wherefore, Mr. Whittington respectfully submits that the parties' agreed sentence of 18 months, full restitution, one year of supervised release, and no recommended fine, is appropriate and ought to be imposed.

Dated: September 27, 2018                    Respectfully submitted,

<u>s/ Jay Nanavati</u>
Jay R. Nanavati
Kostelanetz & Fink LLP
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 875-8000 (T)
(202) 844-3500 (F)
jnanavati@kflaw.com

*Attorney for Defendant William Whittington*